UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

|  |  |
|---|---|
| STERLING FOREST, LLC, | ANSWER |
| Plaintiff, | Case No.: 07-CV-3176 |
| -against- |  |
| THE VILLAGE OF TUXEDO PARK, THE VILLAGE BOARD OF THE VILLAGE OF TUXEDO PARK, DAVID C. MCFADDEN, individually and in his official capacity as Mayor of the Village of Tuxedo Park, CHRISTOPHER HANSEN, Individually and in his official capacity as a Village Trustee, OLIVER PARKER, Individually and in his official capacity as a Village Trustee, RUSSELL VERNON, Individually and in his official capacity as a Village Trustee, NANCY HAYS, Individually and in her official capacity as a Village Trustee , and RICHARD MORROW, Individually and in his official capacity as Superintendent of Public Works of the Village of Tuxedo Park, |  |
| Defendants. |  |

The Defendants, the Village of Tuxedo Park, David C. McFadden, Christopher Hansen, Oliver Parker, Russell Vernon, Nancy Hays, and Richard Morrow, by its attorneys Roemer Wallens & Mineaux LLP, as and for an answer to Plaintiff's complaint dated April 18, 2007, bearing Civil Case No. 07-CV-3176, herein alleges as follows.

(1.)   Lacks knowledge or information sufficient to form a belief as to the truth of the allegations and/or statements contained in paragraphs numbered "1", "2", "3", "4", "5", "6", "7", "8", "9", "10", "11", "12", "13", "14", "15", "16", "17", "21", "22", "23", "24", "25", "31", "32", "33", "34", "35", "37", "38", "39", "40", "41", "42", "43", "44", "45", "46", "51", "52", "53", "54", "57", "58", "59", "60", "62", "63", "64", "65", "66", "67", "68", "69", "70",

"71", "72", "73", "74", "75", "88", "89", "90", and "98" of the complaint, and refers all questions of law to the Court.

(2.)    Denies each and every allegation and/or statement contained in paragraphs numbered "18", "19", "20", "26", "27", "28", "29", "30", "36", "47", "48", "49", "50", "55", "56", "61", "76", "77", "79", "80", "81", "82", "83", "84", "85", "86", "91", "92", "93", "94", "95", "96", "99", "100", "101", "102", "103", "104", "105", and "106" of the complaint, and refers all questions of law to the Court.

(3.)    Repeats the above responses with respect to the allegations of paragraphs numbered "78", "87", "97", as if fully set forth herein.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE,**
**THE DEFENDANTS ALLEGE AS FOLLOWS:**

(4.)    The plaintiff does not have a constitutionally protected property interest in central water service.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE,**
**THE DEFENDANTS ALLEGE AS FOLLOWS:**

(5.)    The plaintiff is not entitled to water service.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE,**
**THE DEFENDANTS ALLEGE AS FOLLOWS:**

(6.)    The plaintiff's entitlement to water service is not certain.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE,**
**THE DEFENDANTS ALLEGE AS FOLLOWS:**

(7.)    The defendants were authorized to exercise discretion in determining whether to provide water service to the plaintiff's property.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE,**
**THE DEFENDANTS ALLEGE AS FOLLOWS:**

(8.)    The defendants acted in accordance with powers granted to them by the New

York State Village Law.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

(9.) The plaintiff's state court proceeding is not final and therefore this matter is not ripe for adjudication.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGES AS FOLLOWS:

(10.) The plaintiff's state court proceeding does not establish that the defendants lacked discretion in determining whether to provide water service to the plaintiff's property.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

(11.) The plaintiff's state court proceeding did not create a constitutionally protected entitlement to water service.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

(12.) The plaintiff has an adequate remedy at state law and does not require the intervention of the federal courts.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

(13.) The plaintiff is not similarly situated to those with which it seeks to compare itself.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

(14.) Any alleged differential treatment was the result of a legitimate government policy.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

(15.)   The plaintiff's complaint, and each claim therein, fails to state a cause of action against the defendants.

### AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

(16.)   The plaintiff cannot recover punitive damages against the Village, a municipality.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

(17.)   The defendants at all times acted reasonably, in good faith, for legitimate reasons, and without malice.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

(18.)   Any and all statements and/or actions by the defendants alleged in the plaintiff's complaint were for non-discriminatory, justifiable and legally valid reasons.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

(19.)   The individual defendants are entitled to qualified immunity.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE, THE DEFENDANTS ALLEGE AS FOLLOWS:

(20.)   The claim which is the subject matter of the cause of action is prohibited by and contravenes the statutory law and public policy of the State of New York by reason of the fact that it seeks to curtail the ability of a Village Board to act to protect the general welfare of its residents even though the New York State Village Law specifically vests the Village Board with such power and authority.

WHEREFORE, the defendants demand:

(1) Judgment dismissing the complaint in its entirety;

(2) The costs, disbursements and reasonable attorneys' fees associated with the defense of this matter; and

(3) Such other and further relief as the Court deems just and proper.

Dated:  June 22, 2007

                            ROEMER WALLENS & MINEAUX LLP

                            By:    s/
                                  Matthew J. Kelly, Esq.
                                  Bar Roll No.: MK5773
                                  Attorneys for Defendants
                                  Office and P.O. Address:
                                  13 Columbia Circle
                                  Albany, New York 12203
                                  Tel. No.: (518) 464-1300

TO:    Stephen J. Gaba, Esq.
        Drake, Loeb, Heller, Kennedy,
          Gogerty, Gaba & Rodd, LLC
        555 Hudson Valley Avenue
        Suite 100
        New Windsor, NY 12553
        Tel. No.: (845) 561-0550